# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

KEVIN JEROME KERR, )
)
        Petitioner, )
   v. ) Civil Action
) No. 12-3193-CV-S-RED-H
ERIC HOLDER, )
United States Attorney General, )
)
        Respondent. )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner filed a Motion to Withdraw on the grounds that petitioner had not fully exhausted administrative remedies. Thereafter, petitioner was granted an opportunity to file a *pro se* traverse, which he did.

Petitioner makes various allegations in his petition for habeas corpus relief, including, but not limited to, vague allegations regarding his participation in Dialectical Behavior Therapy ["DBT"]. He appears to suggest that his right to voluntary religious worship has been violated through this program. He also appears to object to having had his housing unit and work

1

assignment changed. Further, petitioner makes allegations about being placed in administrative detention for 87 days, allegedly without the benefit of a staff representative or having been given a copy of the findings.

In his traverse, which is vague and ambiguous, the only claim he appears to reassert pertains to the DBT and his right to be called "Allah."

The files and records in this case establish that petitioner is serving a life sentence after he was convicted of several crimes that involved various controlled substance, money laundering, and firearms offenses. Petitioner was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4245 by the United States District Court for the Western District of Missouri in March of 2010, and is presently lawfully incarcerated at the Medical Center.

Respondent submits that the petition for habeas corpus relief should be dismissed because petitioner has failed to exhaust administrative remedies regarding any of the issues raised in his petition. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).

According to the Attorney Advisor at the Medical Center, petitioner filed an administrative remedy request regarding the DBT and his claim that he was at risk of losing "Patient and Statutory Exclusive Authorship 'Birthright' 'Allah,'" but failed to fully pursue and exhaust the administrative remedy process. [Respondent's Exhibit 3]. It is also submitted that petitioner filed an administrative remedy request about his living quarters and work assignment, but did not continue the process beyond the Warden's denial of the request. Respondent states that petitioner also filed two administrative remedy requests regarding disciplinary actions at the Medical Center, which relate to the complaints he has made herein, but neither of these have not been fully exhausted.

After careful review, the Court finds that because petitioner has failed to fully exhaust

available administrative remedies, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice. Willis, 506 F.2d at 1015.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate
Judge

Date: 11/29/12

---

[1] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

3

Case 6:12-cv-03193-RED   Document 19   Filed 11/29/12   Page 3 of 3